### Wilbert I. Slemmons v. August Wahlfeld.

1. VERDICT—*Conflict of Evidence.*—Where the evidence is conflicting, and is a question to be determined by the jury, unless clearly against the weight of the evidence, the verdict ought to stand.

Memorandum.—Assumpsit for goods sold and delivered. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

The opinion states the case.

WINSLOW EVANS, attorney for appellant.

McCULLOCH & McCULLOCH, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit by appellee to recover the price of certain building material called "mill work" for the building a house for appellant or his wife, for whom he was acting as agent. The cause was tried by the court and a jury, and the latter found a verdict for appellee for $135, on which judgment was rendered.

This appeal is taken, and the main cause for reversal insisted on is that the verdict is not supported by the evidence. The appellant's wife had a contract with S. P. Tefft & Son, for building a house on her lot in Peoria, according to certain specifications including material to be furnished by appellee, for $2,700.

Before the contract was completed the son died.

John B. Lawrence was Tefft's agent for building the house, and after the death of young Tefft it became necessary to obtain the milling work in question, consisting of blinds, windows and doors, etc.

There was a bill of this milling building material furnished by appellee for the house of appellant's wife to the amount of $410, of which amount appellant paid $275, claiming to pay it on the Tefft contract, insisting that he had no contract with appellee and was not responsible for the bill.

Appellant carried on the building as though it was his own, and to all outside appearances it belonged to him, but this we regard as immaterial as regards the questions in issue.

The insistance before the jury by appellee was that appellant made a direct contract with him to furnish the material and agreed to be responsible for it; that the contract was made through Lawrence, the foreman, as between appellant and appellee; that appellee refused to furnish the building material unless appellant would agree to be responsible for it, Tefft not being responsible.

Lawrence testified that appellant did make such an agreement through him and he was corroborated by appellee and L. H. Rose. The appellant denied such an agreement. The evidence was conflicting and was a question to be determined by the jury, and unless clearly against the weight of the evidence the verdict should stand, in accordance with the rules of law well understood in this State.

We have examined the evidence carefully and are unable to say that the jury were not fully authorized in rendering the verdict on the evidence.

We see no error committed by the court in allowing the evidence complained of. There was abundant evidence on which to base appellee's instructions Nos. 1 and 2, in submitting the case to the jury on the evidence of the contractor we have already indicated. And there was some evidence of a ratification of a contract of Lawrence with

appellee to the effect that appellant would pay for the material and hence the instruction on that part as is insisted was not erroneous.

We see no serious error in the other instructions and use of the word plaintiff in one instruction instead of defendant as was intended, was clearly a clerical error and could not mislead the jury.

Seeing no error in the record, the judgment of the court below is affirmed.